WeldoN, J.,
delivered the opinion of the court:
This suit was brought to recover the sum of $150 for an alleged overpayment in the entry of land as a homestead at the Los Angeles land office in the State of California. The facts established by the evidence are bi’iefly as fallows:
The claimant, Ramona Lopez, now Ramona Shang, a citizen of the United States, on March 20, 1896, made homestead entry of the north half of the northeast quarter and the northeast half of the northwest quarter of section 22, township 23 north, range 16 west, S. B. S. California, containing 120 acres; and upon June 27, 1899, on applying to commute her homestead entry under the provisions of section 2301, of Revised Statutes, she was required by the local officers, under the direction of the Secretary of the Interior, to pay therefor at the rate of $2.50 per acre, and thereupon paid the sum of $300 for said land, which was double the minimum price of the ordinary lands of the United States.
The land in question is within the common granted limits of the grant made by the Act of July 87,1866 (14 Stat. L., 292), to aid in the construction of the Atlantic and Pacific Railroad, and also within the limits of the grant made by the Act of March 3, 1871 (16 Stat. L., 573), to aid in the construction of the Southern Pacific Railroad branch line.
The portion of the first named road within the overlap referred to was never constructed, and the grant was, by the *468 Act of July 6, 1886 (24 Stat; L., 123), forfeited for noncon-struction.
The Southern Pacific Railroad branch line was constructed through and beyond the overlap in question and adjacent to the claimant’s land, said road being- constructed before the acts of duly, 1886, and March 2, 1889; and the land entered by the claimant had, by the construction of the latter road, the same benefit and advantage which it would have received as to the location of a railroad had the adjoining odd-numbered sections passed to that company, to wit, the Atlantic and Pacific Railroad, under said grant instead of the right to indemnity provided for in the granting act.-
The claimant made application on November 8,1899, to the Secretary of the Interior for the repayment of the double minimum excess of $150 charged upon her said entry, and the Secretary of the Interior denied said application on March 3, 1900.
The record discloses the fact, that the rulings of the various Secretaries have not been uniform upon the subject as to whether the land in controversy is by law fixed at the price of $1.25 per acre or $2.50 per acre, and the law with reference to the legal price from want of uniformity is brought within the decision of the case of the United States v. Healey (160 U. S., 136). It is said in the syllabus:
“When the practice in a Department has been uniform in interpreting a statute, and the meaning of the statute upon examination is found to be doubtful or obscure, this court will accept the interpretation of the Department as the true one; but where the departmental practice has not been uniform, the court must determine for itself what is the true construction, without any regard to departmental action.”
Whatever may be said as to the legal question affecting the price of the land, whether it be $1.25 an acre or $2.50 per acre, the fact is shown that the land falls within the boundary of the land grant to the Southern Pacific road, and that road being built the plaintiff’s land is brought within the benefits incident to the -construction of a railroad, and the reason for advancing-the price of the land from $1.25 to $2.50 per acre existed in the condition of the land with reference to the location of a railroad.
*469 The contention in this proceeding arises from a difference as to the construction of the law regulating and determining the price of the land entered by the claimant. The Secretary of the Interior holds that the price of the claimant’s land was fixed at $2.50 per acre by the proviso of section 2359, which reads:
‘ ‘ Provided, That the price to be paid for alternate reserved lands, along the line of railroads within the limits granted by any act of Congress, shall be two dollars and fifty cents per acre.”
At the time the entry was made the agents of the defendants construed the law to be that the price was $2.50, and the claimant, in acquiescence of that construction of the statute, paid the price of $2.50, conceding that such was the price established by law. It is therefore a mutual mistake as to the price of the land, as fixed by the statute.
In the case of Southern Pacific Railroad Company v. United States (168 U. S. R., 1) it is decided, as shown by the syllabus, “that in view of the conditions attached to the grant, and of the reservations of power in Congress contained in the act of 1866, such lands became upon the passage of the act of July 6, 1866 (c. 637, 24_Stat., 123), forfeiting the lands granted to the Atlantic and Pacific Railroad Company, the property of the United States, and by force of that act were restored to the public domain, without the Southern Pacific Railroad CompanjT having acquired any interest therein that affected the ownership of the United States.” It, however, becomes unnecessary to examine and discuss the question of law, as to whether the price of' the land at the time of the entry was $1.25 or $2.50. Be that as it may, since the argument of this case the Supreme Court has settled the law against the claimant. (United States v. Edmonston, 181 U. S. R., p. 500.)
In the Case of Healey (supra), as in this case, the claimant paid $2.50 per acre and, as in this case, sought to recover back one-half of the price upon the ground that the statutes had been misconstrued by the Interior Department. The majority of the Court of Claims so held and gave a judgment for the claimant (29 C. Cls. R., 115); but one member of the court, Judge Nott, dissented, being of the opinion that where the party had voluntarily, without fraud or mistake, closed the *470 transaction of the sale and purchase he could not reopen it. The substantial part of the dissenting opinion is as follows: •
“The rule is not a technicality, but a principle, that where a matter is closed voluntarily without fraud or mistake it must stay closed. Courts are not established to unsettle the transactions of men.
“When the Government steps into the common arena of buying or selling property it lays aside its prerogative of sovereignty and is ruled in its transactions by the rules which regulate the affairs of men, and when the individual deals with the Government in matters of contract he is entitled to no different rule of law than when he deals with one of his fellow-men. In these cases of land sales the Government can not sue one set of purchasers for double the agreed price on the ground that its agent, the Commissioner of the Land Office, exceeded his lawful authority by a misconstruction of the statutes and sold the land too cheap; and if the Government can not reopen the transaction because of the erroneous act of its agent the claimants can not.
“It was said on the argument that the purchase was not voluntary because the contracting parties did not stand on an equal footing. Let us test that. Could the claimant compel the Commissioner of the Land Office to sell the land? LTo. Could the Commissioner compel the claimant to bujr it? No. Then they did stand on an equal footing.” (29 C. Cls. R., 142; 160 U. S. R., 136.)
The Supreme Court construed the statutes and reversed the case upon the construction which it gave to them. The Supreme Court, however, in its opinion, said through Mr. Justice Harlan:
“ The present Secretary of the Interior, as we have seen, hold that entries initiaied under the act of 1877 and prior to the act of 1891 could not be completed upon the terms fixed by the latter act as to the price of desert lands. If that construction be correct, and if the plaintiff is not precluded from recovering money voluntarily paidlry him, with full hnowledge of all the facts, then the judgment below was right. Otherwise it must be reversed.”
It therefore appears that the counsel for the claimant in this case had reason for believing that if his construction of the statutes was correct the claimant would be entitled to recover. But in the recent case of the United States v. Edmontson (181 U. S. R., p. 500), the Supreme Court has expressly decided against the claimant on the other ground. That case *471 was also a land case where the claimant had paid $2.50 per acre and sought to recover back $1.25 upon his construction of the statutes. The conclusion of the opinion states in a few .words, after an exhaustive examination, the ground of the decision:
“In short, and to sum it up in a word, so far as we can see from this record, the transaction was purely voluntary on his part, and that while there was a mistake it was mutual and one of law — a mistake on his part not induced by any attempt to deceive or misrepresentation by the Government officials. It is a case of a voluntary payment, and as such the claimant’s remedy is by appeal to the discretion of Congress and not by an action in the Court of Claims.”
The judgment of the court must therefore be that the petition be dismissed.